UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Bobby Ponder, #259096,<br><br>                Petitioner,<br><br>vs.<br><br>Warden, Tyger River Correctional Institution,<br><br>                Respondent. | C/A No. 3:12-1444-RBH-JRM<br><br><br>REPORT AND<br>RECOMMENDATION |

The Petitioner, Bobby Ponder ("Petitioner"), is an inmate at the South Carolina Department of Corrections serving a sentence of forty years imprisonment for multiple charges of armed robbery and receiving stolen goods. He filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 alleging that he is in custody in violation of the Constitution of the United States. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (B)(2) DSC, the undersigned is authorized to review all pretrial matters in such cases and submit findings and recommendations to the District Court.

## *PRO SE* HABEAS REVIEW

Under established local procedure in this judicial district, a careful review has been made of this *pro se* petition pursuant to the Rules Governing Section 2254 Proceedings for the United States District Court, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104–132, 110 Stat. 1214, and other applicable law. This Court is charged with reviewing the Petitioner's habeas petition and attachments to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the United States District Courts. This Court is also required to construe *pro se* petitions liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Such *pro se*

petitions are held to a less stringent standard than those drafted by attorneys, and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978). When a federal court is evaluating a *pro se* petition, the petitioner's allegations are assumed to be true, *Hughes*, 449 U.S. at 9, but the requirement of liberal construction does not mean that the court can ignore a clear failure to set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990). The petition submitted in this case, even under this less stringent standard, is subject to summary dismissal.

## **DISCUSSION**

The § 2254 petition filed in this case is Petitioner's second request in this Court for federal habeas relief pursuant to § 2254 based on his 1999 convictions of armed robbery.[1] *See Ponder v. Warden*, C/A No. 3:07-778-RBH-JRM (D.S.C.). Petitioner's prior § 2254 petition for habeas relief, filed in 2007, was considered on the merits after respondent filed a return, and was denied. *Id.* Petitioner appealed the denial of his prior § 2254 petition, and the Fourth Circuit denied a certificate of appealability and dismissed the appeal. *Ponder v. Warden*, 300 F.App'x 193 (4th Cir. 2008). Petitioner's current § 2254 habeas petition raises claims regarding the validity of his 1999 convictions based on prosecutorial conduct, ineffective assistance of counsel, and the sufficiency of the indictments, all of which could have been brought in his first habeas case. ECF No. 1.

---

[1] A district court may take judicial notice of materials in the court's own files from prior proceedings. *Fletcher v. Bryan*, 175 F.2d 716 (4th Cir. 1949).

The petition filed in this case is a successive habeas petition.[2] As was explained to Petitioner in his prior case, review of his petition is governed by 28 U.S.C. § 2254, as amended by the AEDPA. "A number of substantial changes regarding the availability of federal postconviction relief to individuals convicted of crimes in federal and state courts" was put into effect by the AEDPA. *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997). "Of particular importance here are the provisions of the AEDPA codifying and extending judicially constructed limits on the consideration of second and successive applications for collateral relief." *Id.* (citing *Felker v. Turpin*, 518 U.S. 651, 657 (1996)). The "gatekeeping" mechanism created by the AEDPA amended § 2244 to require that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Under the AEDPA, an individual may not file a second or successive § 2254 petition for a writ of habeas corpus without first receiving permission to do so from the appropriate circuit court of appeals. *In re Vial*, 115 F.3d at 1194.

Petitioner must obtain permission from the Court of Appeals for the Fourth Circuit before he may file a second or successive § 2254 petition challenging his 1999 convictions for armed robbery in this Court. Petitioner, in his current § 2254 petition, argues that his petition should be considered by this Court because it relies on "newly discovered" information concerning the indictments in his state criminal case. ECF No. 1 at 7, 13. However, Petitioner's argument concerning newly discovered information does not change the statutory requirement for Petitioner to receive permission from the Fourth Circuit before filing his successive § 2254 petition in this

---

[2] The issue of successiveness of a habeas petition may be raised by the court *sua sponte*. *Rodriguez v. Johnson*, 104 F.3d 694, 697 (5th Cir. 1997); *Latimer v. Warden*, No. 6:10–721–JFA–WMC, 2010 WL 2720912 (D.S.C. July 8, 2010).

court. *See Gonzalez v. Crosby*, 545 U.S. 524, 531–32 (2005)(petitioner may not impermissibly circumvent the requirement that a successive habeas petition be precertified by the Court of Appeals as falling within an exception to the successive-petition bar); *see also* 28 U.S.C. § 2244(b)(3)(A). This Court does not have jurisdiction over Petitioner's current § 2254 petition, because Petitioner did not first obtain permission from the Fourth Circuit to file this successive § 2254 petition.

### **RECOMMENDATION**

Accordingly, it is recommended that the petition for a writ of habeas corpus in this case be dismissed *with prejudice* and without requiring a response from the Respondent.

Joseph R. McCrorey
United States Magistrate Judge

August 20, 2012
Columbia, South Carolina

**The parties are referred to the Notice Page attached hereto.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).